Argued August 28, affirmed December 18, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# DONALD RAYMOND LINDSTROM, *Appellant.*
## (No. 195494, CA 10756)

588 P2d 44

Jeffrey C. Jacobs, Oregon City, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from a conviction of driving under the influence of intoxicants (DUII) which followed the trial court's denial of his motion to dismiss or, in the alternative, to suppress the results of a breathalyzer test administered after his arrest. Defendant argues that the test results were the ultimate fruits of a stop which was not lawful under ORS 131.615 and 131.605(4).

The following events led to defendant's arrest. A man flagged down a police officer during an early morning patrol and reported that the operator of a yellow Ford pickup truck had been driving recklessly and had nearly forced him off the road. The informant also stated that during a verbal dispute that ensued the driver, who appeared very intoxicated, "had pulled a rifle on him." The informant declined to give his name and the officer was unable to record his license plate number since the informant's car had no license plates.

Shortly after this conversation and within one-half mile of where it had taken place, the officer noticed the described vehicle proceeding in a normal manner and signaled the driver to pull over. Defendant appeared to be intoxicated and was arrested.

The information furnished by the informant was the basis for making the stop. The issue is whether the officer had the requisite "reasonable suspicion" to detain the defendant under ORS 131.615. We find that he had. ORS 131.615 provides in pertinent part:

> "(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry."

A reasonable suspicion is defined in ORS 131.605(4):

> " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place he acts as authorized in ORS 131.605 to 131.625."

The statutory standard for the temporary detention of a person to ask him questions concerning his possible criminal activity was intended to be less demanding than the standard for probable cause to arrest. *State v. Valdez,* 277 Or 621, 628, 561 P2d 1006 (1977); *see also State v. Cloman,* 254 Or 1, 6, 456 P2d 67 (1969). Nevertheless, "reasonable suspicion" cannot be founded on hunches or special intuitions of those charged with ferreting out crime. *Terry v. Ohio,* 392 US 1, 22, 88 S Ct 1868, 20 L Ed 2d 889 (1968); *State v. Valdez, supra,* 277 Or at 628-29. Rather, "[t]here must be some facts or circumstances that distinguish the conduct of the individual stopped from that of other individuals who are not stopped * * *." *State v. Ragsdale,* 34 Or App 549, 553-54, 579 P2d 286, *rev den* 283 Or 503 (1978).

■■ The report of the anonymous informant constituted information of sufficient quantity and quality to give rise to a reasonable suspicion that defendant was committing an offense. *Cf. Valdez, supra; State v. Bartosz,* 34 Or App 123, 578 P2d 426, *rev den* 282 Or 537 (1978); *State v. Gibbons,* 21 Or App 339, 535 P2d 561 *rev den* (1975). Indeed, "it would have been poor police work * * * for an officer * * * to have failed to investigate * * * further." *Terry v. Ohio, supra,* 392 US at 23. To the extent that this decision is inconsistent with the dictum in *State v. Caproni,* 19 Or App 789, 792 and n 1, 529 P2d 974 (1974), that without corroboration, an anonymous tip does not create reasonable suspicion, *Caproni* is overruled.

Affirmed.