Argued and submitted October 30, reversed and remanded December 30, 1987

# STATE OF OREGON,
*Appellant,*

*v.*

# ORVILLE FLOYD FAULKNER,
*Respondent.*

(86-13298; CA A43938)

747 P2d 1011

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Terry Ann Leggert, Assistant Attorney General, Salem.

Arthur B. Knauss, Milwaukie, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Young and Rossman, Judges.

WARDEN, P. J.

## WARDEN, P. J.

The state appeals a trial court order which suppressed all of the evidence obtained after the stop of defendant's vehicle. We reverse.

On the evening of November 5, 1986, the desk clerk of a motel in Oregon City called the police to report that a possibly drunk driver had just left the motel and was driving on Clackamette Drive toward "the park" in a silver Toyota van with Oregon license plate BVU 429. He told the police dispatcher that the man smelled of alcohol, was belligerent and was driving "crazily." He identified himself and gave his telephone number. The police dispatcher relayed the information to patrol units about the possible drunk driver, including the description of the vehicle, its license number and direction of travel.

Officer Erickson was on patrol on Clackamette Drive when he received the radio dispatch. He saw a silver Toyota van turn onto Highway 99E from Clackamette Drive. After approaching the van more closely, he saw that its license plate number matched the number given by the dispatcher. He followed the van and observed that it was traveling slower than the normal flow of traffic. It also made an abrupt lane change to the center lane and then a very wide left hand turn that Erickson described as "odd."

While Erickson was following the van, Officer Haag drove up behind Erickson and also followed the van. Haag did not notice any unusual driving, except for the slower than normal speed. Neither officer observed a citable offense. Erickson asked Haag if they should pull the van over. Haag then asked the dispatcher if a named informant had provided the information about the possible drunk driver. The dispatcher responded that the informant was named, had identified himself as the desk clerk at the motel and had given a telephone number. After receiving that information, the officers stopped the van, which defendant was driving, and cited him for driving under the influence of intoxicants.

The trial court granted defendant's motion to suppress the evidence obtained from the stop on the ground that there was no reasonable suspicion that a crime had been committed. The state appeals from the order of suppression.

■ A police officer may stop a person if the officer "reasonably suspects that [the] person has committed a crime * * *." ORS 131.615(1). The definition of "reasonably suspects" is contained in ORS 131.605(4):

> " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

The standard of reasonable suspicion under that statute is less stringent than the standard of probable cause to arrest. *State v. Valdez,* 277 Or 621, 628, 561 P2d 1006 (1977). The question is whether, considering the totality of the circumstances, a police officer reasonably would have believed that the person stopped had committed a crime. *State v. Black,* 80 Or App 12, 15, 721 P2d 842 (1986). In *Black,* we held that the anonymous tip "had to have some indicia of reliability in order for it to have given rise to a reasonable suspicion that [the] defendant had committed a crime." 80 Or App at 19. We also noted that the same analysis is applied whether the tip comes from an anonymous informant or a named informant. 80 Or App at 19.

■ Here, we conclude that the tip had sufficient indicia of reliability to support the stop of defendant's vehicle under ORS 131.615(1). The informant gave his name and telephone number to police. He thereby exposed himself to possible civil and criminal liability if his report was false or, perhaps, a charge of perjury if he subsequently changed his story while testifying in the case. *See State v. Black, supra,* 80 Or App at 19. Furthermore, a named citizen-informant is deemed reliable if he personally observed the events reported and voluntarily initiated the report. *State v. Evoniuk/Niemi,* 80 Or App 405, 409-10, 722 P2d 1277 (1986). The desk clerk personally observed that defendant smelled of alcohol, was belligerent and drove "crazily" when he left the motel. He voluntarily initiated the call to the police. His report was therefore presumably reliable.

Erickson's observations also corroborated the information reported by the desk clerk. Erickson saw the van, identified by its license plate number, in the precise area where it had been reported to be heading. He observed that defendant's driving, although not illegal, was irregular.

We hold that, under the totality of the circumstances,

a police officer could reasonably have concluded that defendant was driving while intoxicated. The stop was therefore lawful, and the trial court erred in suppressing the evidence.

Reversed and remanded.