Argued and submitted February 17, reversed and remanded for new trial April 6, 1988

## STATE OF OREGON,
*Respondent,*

*v.*

## CHARLES AUBREY HYDER,
*Appellant.*

(C 87-11-35789; CA A43457)

752 P2d 327

Clint A. Lonergan, Portland, argued the cause for appellant. With him on the brief was Richard L. Lonergan, Portland.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for driving while suspended. ORS 811.175. He assigns as error the trial court's denial of his motion to suppress statements made after he had been stopped. He asserts that the stop was illegal. We agree and reverse.

On October 26, 1986, at 8:30 a.m., Officer Ellis was on routine patrol in a residential area of Portland. She passed a group of at least three children of seven or eight years of age. As she was passing them again, three or five minutes later, the children flagged her down. They told her that they thought that a van was following them. The van was one-half block away at a stop sign and headed away from the children. The officer activated the overhead lights and followed the van, which immediately pulled over and stopped. She approached defendant, who was the driver, and asked him for his driver's license. Defendant responded that he did not have one. The officer then asked whether he was suspended, and defendant answered affirmatively. After brief questioning, during which defendant gave an explanation of why he was driving in the area, Ellis accepted the explanation, cited him for driving while suspended and released him.

The officer testified that she stopped defendant because she became concerned that he had intended to entice a child into the van or to expose himself. Defendant contends that his statements were obtained as the result of an illegal stop. He argues that the officer lacked a reasonable suspicion that a crime had been committed or, in the alternative, that the inquiry was overly broad, because it was not limited to the circumstances that aroused the officer's suspicion.

The state contends that the officer's suspicion that defendant had committed, or attempted to commit a crime, was reasonable under the totality of the circumstances. It relies on *State v. Lindstrom,* 37 Or App 513, 588 P2d 44 (1978), in which we held that the report of an anonymous informant who flagged down a police officer and stated that he had encountered a reckless driver, who nearly forced him off the road, constituted information of sufficient quantity and quality to give rise to a reasonable suspicion that the defendant was committing an offense. It further argues that a stop is an intrusion on liberty that society is prepared to accept to enable

the state to fulfill its duty to protect its citizens from crime. ORS 131.615.

The standard for a stop is provided in ORS 131.615:

"(1)  A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry.

"(2)  The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3)  The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

We agree with the state that there was no indication that the children were unreliable. We do not agree, however, that the information that they provided was sufficient to give rise to a reasonable suspicion that defendant had committed a crime. *See State v. Black,* 80 Or App 12, 18-19, 721 P2d 842 (1986); *State v. Lindstrom, supra,* 37 Or App at 516. The circumstances of this case are very different from those in *Lindstrom.* There, the informant had actually observed the defendant committing a crime. *See also State v. Rozzell,* 87 Or App 424, 742 P2d 687 (1987).[1] Here, the children just thought that the van was following them. What the officer saw contradicted that. They did not say that defendant had tried to contact them. There was no additional information. Defendant had not committed any traffic violation. The objective facts available to the officer were insufficient to form a reasonable suspicion that defendant had engaged in criminal activity, as is required for a legal stop. *See State v. Valdez,* 277 Or 621, 628-29, 561 P2d 1006 (1977). Defendant's motion to suppress should have been allowed.

Because the stop was illegal, we need not reach the issue of whether the scope of the officer's inquiry was reasonably limited.

Reversed and remanded for a new trial.

---

[1] In *Rozzell,* the defendants, suspected burglars, were stopped as a result of a tip by two 12 and 13-year-old children, who saw the defendants, one of whom was carrying a rifle, ringing the bell at the door of the children's house and, when there was no answer, driving to the house next door.