Argued and submitted November 21, 1988, resubmitted In Banc January 11, affirmed April 12, 1989

## STATE OF OREGON,
*Appellant,*

*v.*

## JESSIE VIOLA TIBBET,
*Respondent.*

(88-7034; CA A48395)

771 P2d 654

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

John H. Tuthill, Tillamook, argued the cause and filed the brief for respondent.

BUTTLER, J.

Warren, J., dissenting.

**BUTTLER, J.**

Defendant was charged with driving under the influence of intoxicants. ORS 813.010. The state appeals the trial court's order suppressing all evidence obtained from the stop of defendant's vehicle. We affirm.

At approximately 12:15 p.m., while Trooper Howard was speaking to a motorist whom he had stopped on Highway 101, a driver of a red pickup truck pulled off the highway and informed him that a vehicle had been "driving all over the road" in front of him and should be "checked out." Howard pointed to a light brown or tan colored pickup truck that passed them just then, and the informant said that it was the vehicle to which he was referring. It was raining, and visibility was limited. Howard did not see anything unusual about the vehicle or how it was being driven. He did not obtain the name or address of the informant or his license number. He radioed the Tillamook police and requested that they stop the pickup.

Tillamook Police Chief White followed the truck for about a quarter of a mile. Although he saw nothing abnormal about defendant's driving, he stopped her truck, as Howard had requested. White notified Howard that defendant appeared to be "highly intoxicated." Howard proceeded to the scene of the stop and arrested defendant for driving under the influence of intoxicants. The trial court granted defendant's motion to suppress the evidence obtained from the stop on the ground that the officers lacked a reasonable suspicion to believe that she had committed a crime.

An officer may make an investigatory stop of a person who he "reasonably suspects" has committed a crime. ORS 131.615(1). That phrase is defined in ORS 131.605(4):

> " 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

It is clear that White, who stopped defendant, had no basis for effecting a stop, other than what he had been told by Howard. The question, then, is whether Howard had an objective basis for reasonably suspecting that defendant was driving under the influence of intoxicants.

When an informant's tip provides the basis for a stop,

that tip must have some indicia of reliability in order for it to give rise to a reasonable suspicion that defendant had committed a crime. *State v. Faulkner,* 89 Or App 120, 123, 747 P2d 1011 (1987); *State v. Black,* 80 Or App 12, 19, 721 P2d 842 (1986). The only information that Howard had came from an anonymous driver who told him that he had observed a vehicle in front of him "driving all over the road," and pointed out a pickup truck that passed Howard and the informant as they were talking.[1] Howard did not see anything unusual about the way in which the pickup was being driven.

The state would distinguish this case from *State v. Black, supra,* on the basis that the anonymous informant in *Black* gave the police information over the telephone, whereas the anonymous informant here gave the information in person. Nevertheless, the police did not get his name, address, telephone number, car license number or any other information that would have permitted the police to contact him. The informant remained just as anonymous as the informant in *Black* and, as in *Black,* did not expose himself to possible criminal and civil prosecution if his report was false. *See State v. Montigue,* 288 Or 359, 605 P2d 656, *cert den* 449 US 846 (1980).

We would not uphold a search warrant that was issued on the basis of an affidavit in which the only information supporting probable cause came from an anonymous informant, even though the informant gave the information in person to the affiant. There is no reason why the test should be any different here in terms of assessing the reliability (credibility) of the informant.

There was no error in suppressing all evidence obtained as a result of the stop of defendant's vehicle.

Affirmed.

**WARREN, J.,** dissenting.

I dissent, because I disagree with the majority's holding that the informant's tip was unreliable. The tip had "some indicia of reliability," giving rise to a reasonable suspicion that defendant committed a crime. *State v. Faulkner,* 89 Or

---

[1] It is difficult to understand how the pickup that had been in front of the informant passed him and Howard as they were talking.

App 120, 123, 747 P2d 1011 (1987); *State v. Black,* 80 Or App 12, 19, 721 P2d 842 (1986). The informant voluntarily initiated personal contact with Trooper Howard and told him that he had personally observed defendant's erratic driving. Those facts tend to establish the basis of the informant's knowledge.

I also disagree with the majority's conclusion that this case is indistinguishable from the anonymous informant in *Black.* Even though Howard failed to get the informant's name, the informant was identifiable, not a faceless tipster. Unlike the informant in *Black,* who gave a tip over the telephone and refused to reveal her identity, the informant here did not refuse to give his name. He made himself and his vehicle available to Howard for identification. On the basis of that contact, the officer could have inferred that he would have given his name, had he been asked. The informant's personal contact with the police exposed him to greater civil or criminal liability than would the act of a person giving information over the phone. *See State v. Faulkner, supra,* 89 Or App at 123; *State v. Black, supra,* 80 Or App at 19. The "tipster" only remained unidentified because the officer did not request identification. The reliability of the motorist who stopped to report defendant's erratic driving should not be diminished because of something the officer did not do.

I would hold that, under the totality of the circumstances, Howard could reasonably suspect that defendant was committing the crime of driving under the influence of intoxicants and that, therefore, the trial court erred in granting defendant's motion to suppress.

Richardson, Rossman, and Deits, JJ., concur in this dissenting opinion.