## STATE OF OREGON,
*Respondent,*

*v.*

## DUANE JEFFREY VANNESS,
*Appellant.*

(38158S; CA A50137)

781 P2d 391

Glenn N. Soloman, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. He claims that the trial court erred in failing to suppress evidence obtained after an unauthorized stop. We affirm.

On the evening of February 4, 1987, a motorist approached Deputy Aasen and reported that he had just stopped the driver of a red Ford station wagon who had been driving recklessly. The citizen told Aasen that the driver had appeared intoxicated and had agreed to let the citizen drive him home but that the citizen had to take his family home first. The citizen asked Aasen to watch the driver, who was parked right around the corner, to ensure that he stayed put. Aasen did not obtain the name of the citizen or the license plate number.

Minutes later, Aasen saw the described vehicle pulling out of a parking lot and proceeding toward Highway 212. He did not see any erratic driving, but immediately signaled the driver to pull over. He testified that he did so because, for safety reasons, he was apprehensive about waiting to make any further observations. He subsequently arrested defendant for DUII.

The question is whether the stop of defendant meets the requirements of ORS 131.615(1):

> "A police officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

"Reasonably suspects," as defined in ORS 131.605(4),

> "means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts as authorized in ORS 131.605 to 131.625."

The state contends that this case is controlled by *State v. Lindstrom,* 37 Or App 513, 588 P2d 44 (1978), where a man flagged down a police officer and reported that the operator of a yellow Ford pickup had been driving recklessly and had nearly forced him off the road. He also said that, during an argument that ensued, the driver, who appeared to be intoxicated, had aimed a rifle at him. The informant declined to give

his name, and the officer was unable to record a license plate number. Shortly thereafter, the officer saw the described vehicle proceeding in a normal manner and signaled the driver to pull over. He arrested the defendant for DUII. We held that the stop was lawful under ORS 131.615(1), because, even though the informant remained unidentified, the information received by the officer was of a "sufficient quantity and quality to give rise to a reasonable suspicion that defendant was committing an offense." 37 Or App at 516.

Defendant contends that this case is controlled by *State v. Tibbet,* 96 Or App 116, 771 P2d 654 (1989). In *Tibbet,* while a police officer was stopped on Highway 101, a motorist pulled over and reported that the driver of a vehicle in front of him had been "driving all over the road" and should be "checked out." The informant identified the vehicle when it passed them as he was talking to the officer. The officer did not obtain the name of the informant or the license plate number. The officer radioed the information to another officer, who stopped the vehicle as requested. The first officer drove to the scene of the stop and arrested the driver for DUII. Citing *State v. Black,* 80 Or App 12, 721 P2d 842 (1986), we stated that "[w]hen an informant's tip provides the basis for a stop, that tip must have some indicia or reliability in order for it to give rise to a reasonable suspicion that defendant had committed a crime." 96 Or App at 118. Without discussing *State v. Lindstrom, supra,* we concluded that the informant's tip lacked sufficient indicia of reliability. We noted that the officer's own observations did not corroborate what the informant reported and emphasized that the informant remained anonymous and "did not expose himself to possible criminal and civil prosecution if his report [were] false." 96 Or App at 119.

Read together, *Lindstrom* and *Tibbet* show that there is no set formula to determine when an unidentified informant's tip gives rise to a reasonable suspicion that a person has committed a crime. Rather, that determination rests on the particular circumstances in each case, because informant tips vary greatly in their value and reliability.

We conclude that Aasen was justified in relying on the citizen's report. First, the citizen in this case had had personal contact with the driver, enabling him to make first

hand observations as to the driver's condition and giving him the opportunity to confirm that the driver was intoxicated. Second, the citizen was not seeking an arrest. He provided the information only to ensure that the driver stayed put. Nothing suggested that the citizen had an ulterior motive, and the officer had an opportunity to evaluate the citizen's sincerity. Aasen could reasonably have inferred that the citizen was simply a concerned witness who wanted defendant to get home safely. That kind of informant is worthy of belief. *See State v. Villagran,* 294 Or 404, 411, 657 P2d 1223 (1983); *State v. Montigue,* 288 Or 359, 366, 605 P2d 656, *cert den* 449 US 846 (1980). Third, Aasen's own observations corroborated what the citizen had reported to the extent that, when he drove around the corner, he saw the described vehicle leaving the reported parking lot.

The officer, given the totality of the circumstances, could reasonably have believed that defendant was committing the crime of DUII. Therefore, the stop was valid under ORS 131.615(1).

Affirmed.