Argued and submitted August 12, 1992, affirmed October 20, 1993, reconsideration denied January 26, petition for review denied March 1, 1994 (318 Or 459)

## STATE OF OREGON,
*Respondent,*

*v.*

## DOUGLAS LINN SHUMWAY,
*Appellant.*

(TC91-11769; CA A72435)

861 P2d 384

Richard L. Wolf filed the brief and argued the cause for appellant.

Youlee Yim You, Assistant Attorney General, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant appeals his conviction for Driving Under the Influence of Intoxicants (DUII). ORS 813.010. He assigns error to the trial court's denial of his motion to suppress evidence and to his sentence. We review for errors of law, ORS 138.220, and affirm.

Officer Reid of the Oregon State Police stopped defendant on suspicion of DUII as defendant entered Meldrum Bar Park in Gladstone. His suspicion was prompted by the report of an unnamed citizen informant. The court found that the informant and a woman approached Reid in the park and reported that a man driving a green truck in the park was very drunk, had driven erratically, had angrily confronted other people in the park, and had left to get more beer. The informant described the truck and Reid remembered seeing the truck in the park earlier that day. Reid saw defendant driving back into the park and stopped him. Reid did not observe defendant driving in an erratic manner.

Defendant argues that Reid had no reasonable suspicion to justify a stop, because the informant was not sufficiently reliable. ORS 131.615(1) provides:

"A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that the peace officer is a peace officer, make a reasonable inquiry."

Reasonable suspicion requires a belief "that is reasonable under the totality of the circumstances existing at the time and place the peace officer acts." ORS 131.605(4).

When reasonable suspicion is based on a citizen informant's report, the report must contain an "indicia of reliability." *State v. Tibbett*, 96 Or App 116, 118, 771 P2d 654 (1989). However,

"there is no set formula to determine when an unidentified informant's tip gives rise to a reasonable suspicion that a person has committed a crime. Rather, that determination rests on the particular circumstances in each case, because informant tips vary greatly in their value and reliability." *State v. Vanness*, 99 Or App 120, 123, 781 P2d 391 (1989).

In *State v. Vanness*, an unidentified informant flagged down an officer and reported that he had stopped a red Ford station wagon because the driver, the defendant, was driving recklessly and appeared intoxicated. The informant asked the officer to ensure that the defendant stayed put until the informant could return to drive him home. The officer agreed, but did not get the informant's name or license plate number. Minutes later, the defendant drove away. The officer did not observe erratic driving but stopped the defendant. We concluded that the officer had reasonable suspicion, because the informant personally observed the defendant and was not seeking the defendant's arrest, so the officer could infer that the informant had no ulterior motive. The officer also corroborated the information to the extent that he saw the defendant leave from the parking lot where the informant said he was waiting.

In *State v. Black*, 80 Or App 12, 721 P2d 842 (1986), we held that an anonymous telephone tip did not have any indicia of reliability. An unidentified woman called the police on Easter morning and reported that a brown Ford Escort, traveling north on Highway 199, was speeding and weaving. Ten minutes later, an officer saw a car that matched the description driving north on Highway 199 at a location consistent with the woman's report. The officer stopped the car, although he did not observe it driving erratically, and estimated its speed at approximately 55 miles per hour. We held that he was not justified in relying on the tip. It was not clear that the informant had personally observed defendant's driving, she did not identify herself, which shielded her from potential criminal or civil liability, and the officer's observations did not corroborate the information. Moreover, it was Easter morning when "it would seem less likely that someone would be driving intoxicated." 80 Or App at 19.

In *State v. Lindstrom*, 37 Or App 513, 588 P2d 44 (1978), we held that the circumstances made the informant's tip sufficiently reliable. An unidentified informant flagged down a police car. He described the defendant's car and reported that the defendant was driving recklessly, had nearly forced him off the road and, during a dispute, appeared intoxicated and had "pulled a rifle" on him. The officer stopped the defendant, although he did not observe him

driving erratically. We held that the officer had reasonable suspicion, because the anonymous informant's report "constituted information of sufficient quantity and quality to give rise to a reasonable suspicion that defendant was committing an offense." 37 Or App at 516.

In *State v. Koester*, 117 Or App 139, 843 P2d 968 (1992), *rev den* 315 Or 644 (1993), we held that an unnamed informant's tip was sufficient to provide probable cause to arrest. A southbound motorist stopped to talk to two officers who were conducting a routine traffic stop on Interstate 5. He reported that the driver of a silver gray Honda had pointed a gun at him just north of Salem. He gave the license plate number and estimated that the driver was probably three miles farther south. The informant did not identify himself, but offered to follow the officers and stop if they found the car. The officers did not find the car, but another officer heard the report and went to the home of the registered owner in Corvallis. He saw the Honda driving away and stopped and arrested the defendant.

We held that the officer had probable cause to arrest the defendant because the circumstances suggested that the informant was worthy of belief. Although unidentified, he knowingly subjected himself to being identified, had no apparent ulterior motive, personally observed the defendant and provided a detailed description of the car and the incident. In addition, the car and driver matched the informant's description and were found at a time and location consistent with having been on the freeway at the time and place of the reported incident.

■■ The showing of reliability necessary for an informant's tip to provide the basis for reasonable suspicion is less than for the tip to provide probable cause to arrest. *State v. Black, supra*, 80 Or App at 18. Although the informant here did not give his name, there is no indication that he was unwilling to do that. He spoke to Reid in person. That potentially exposed him to civil and criminal liability if the information was false. He had no apparent motive to lie. *See State v. Koester, supra*, 117 Or App at 143. Reid partially corroborated the information, because he had seen defendant's truck in the park earlier and saw him return to the park in a manner that was consistent with the informant's

story. *See State v. Koester*, 117 Or App at 144. Although the informant did not report that he personally observed defendant's conduct, we infer personal knowledge from the degree of detail in his account. *See State v. Dunning*, 81 Or App 296, 302, 724 P2d 924 (1986).

Defendant argues that the informant's comment that Reid would be doing everyone in the park a favor if he contacted defendant, indicates that the informant wished for defendant's arrest and that, under *State v. Vanness, supra*, an informant must have no interest in seeing the defendant arrested. In *Vanness*, we noted that the informant did not ask for the defendant's arrest. 99 Or App at 124. However, *Vanness* does not stand for the proposition that a citizen who reports a crime must be ambivalent about whether the officer should arrest the accused person. The holding in *Vanness* is based on the totality of the circumstances in that case. Under these circumstances, the informant's request for a "favor" from Reid did not diminish the value and reliability of his information. The informant's report and Reid's observations were sufficient to create a reasonable suspicion that defendant had committed a crime. The stop was lawful.

Defendant also assigns error to the court's imposition of probation. The court suspended execution of a 365-day jail sentence and ordered defendant to serve 48 hours in jail as a condition of probation. Defendant argues that the court lacked authority to impose probation. The argument was not preserved in the trial court. The asserted error is not obvious. *State v. Oary*, 112 Or App 296, 301, 829 P2d 90 (1992). It is, therefore, not an "apparent" error of law, so we will not review it. *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993).

Affirmed.