Argued and submitted April 26, affirmed August 17, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JACK FREDRICK SIMPSON,
*Defendant-Appellant.*

Multnomah County Circuit Court
080343528; A140564

261 P3d 90

David J. Celuch argued the cause and filed the brief for appellant.

Paul L. Smith argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Stacey RJ Guise, Senior Assistant Attorney General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Rosenblum, Senior Judge.

ROSENBLUM, S. J.

## ROSENBLUM, S. J.

Defendant appeals convictions for driving under the influence of intoxicants (DUII), ORS 813.010, and failure to perform the duties of a driver when property is damaged, ORS 811.700. He assigns error to the trial court's denial of his motion to suppress evidence, arguing that a police officer stopped him without reasonable suspicion. Defendant contends that an unnamed informant's report lacked sufficient indicia of reliability to establish reasonable suspicion that he had committed a crime. We affirm.

The facts are undisputed. Portland Police Officer Honl received a call from dispatch about a traffic accident at SE 92nd and Henry Street. The dispatcher told him that the caller had (1) reported that the vehicle involved was a yellow Corvette, (2) given the license plate number of the Corvette, (3) stated that she believed the driver was intoxicated, and (4) indicated that she remained at the accident scene. As Honl approached the scene, he saw a yellow Corvette with the reported license plate number within a block of the reported location of the accident. He did not go to or see the scene of the accident. Nor did he see any damage to the Corvette or observe any traffic violations or unusual driving. He stopped the car; defendant was the driver. Honl observed signs of intoxication and arrested defendant.

Defendant moved to suppress the evidence derived from the stop. At the suppression hearing, Honl testified about the above facts. He testified further that he believed that the caller was the other driver involved in the accident, but he could not recall whether the caller was identified. The state also called as a witness the other driver, King. He testified that he had not, in fact, called to report the accident. King said that a woman was walking across the street when the accident happened and that she had called 9-1-1. However, he testified that he did not hear her conversation with the 9-1-1 dispatcher.

The trial court found that, when Honl made the decision to stop defendant, he did not know whether the caller was going to stay at the accident scene until the police arrived. The court acknowledged that "[t]he reliability of the informant is not there." Nevertheless, it concluded that the

substance of the report was sufficiently detailed and specific to be deemed reliable, such that Honl had sufficient information to support reasonable suspicion that defendant was driving under the influence of intoxicants. Accordingly, it denied the motion. The case went to trial, and defendant was found guilty of DUII and failure to perform the duties of a driver when property is damaged.

On appeal, defendant renews the argument that Honl stopped him without reasonable suspicion because the caller's report did not have sufficient indicia of reliability.

We set out the analysis for reasonable suspicion based on a citizen informant's report in *State v. Bybee*, 131 Or App 492, 495, 884 P2d 906 (1994):

> "When reasonable suspicion is based solely on a citizen informant's report, that report must contain some indicia of reliability. *State v. Shumway*, 124 Or App 131, 133, 861 P2d 384 (1993), *rev den*, 318 Or 459 (1994). In *State v. Black*, 80 Or App 12, 721 P2d 842 (1986), we identified three factors that are important in determining the reliability of a citizen informant's report. One is whether the informant is exposed to possible criminal and civil prosecution if the report is false. That factor is satisfied if the informant gives his or her name to law enforcement authorities or if the informant delivers the information to the officer in person. *See State v. Koester*, 117 Or App 139, 843 P2d 968 (1992), *rev den*, 315 Or 644 (1993). The second factor is whether the report is based on the personal observations of the informant. An officer may infer that the information is based on the informant's personal observations if the information contains sufficient detail that
>
>> " 'it [is] apparent that the informant had not been fabricating [the] report out of whole cloth * * * [and] the report [is] of the sort which in common experience may be recognized as having been obtained in a reliable way * * *.' *Spinelli v. United States*, 393 US 410, 417-18, 89 S Ct 584, 21 L Ed 2d 637 (1969).
>
> "*State v. Shumway, supra*, 124 Or App at 136. The final factor is whether the officer's own observations corroborated the informant's information. The officer may corroborate the tip either by observing the illegal activity or by finding the person, the vehicle and the location substantially as

described by the informant. *State v. Vanness*, 99 Or App 120, 124, 781 P2d 391 (1989)."

(Brackets in *Bybee*.) "The showing of reliability necessary for an informant's tip to provide the basis for reasonable suspicion is less than for the tip to provide probable cause to arrest." *Shumway*, 124 Or App at 135. The three factors identified in *Bybee* "are not determinative of whether a citizen informant's report is reliable; they are merely intended to serve as an aid in evaluating the reliability of such a report." *State v. Mitchele*, 240 Or App 86, 92-93, 251 P3d 760 (2010). Indeed, we have previously held that, if an informant's report contains "information of sufficient quantity and quality," it can support reasonable suspicion even if the informant is anonymous and the police do not corroborate any of the information in the report. *State v. Lindstrom*, 37 Or App 513, 516, 588 P2d 44 (1978).

In *Lindstrom*, a man flagged down a police officer and reported that the driver of a yellow Ford pickup truck had been driving recklessly and had nearly forced him off the road. He added that the driver appeared very intoxicated and had pulled a rifle on him. The informant declined to give his name, and his car had no license plates, so the officer was unable to identify him. *Id.* at 515. Thus, although the informant made the report to the officer in person, the first *Bybee* factor would not have been satisfied.[1] *Cf. Shumway*, 124 Or App at 135 (first *Bybee* factor was satisfied where the informant spoke to the officer in person and, although he did not give his name, there was no indication that he was unwilling to do so).

Shortly after the informant made the report, the officer saw the described pickup proceeding in a normal manner, stopped it, and subsequently arrested the driver for driving under the influence. *Lindstrom*, 37 Or App at 515. We held that the "report of the anonymous informant constituted information of sufficient quantity and quality to give rise to a reasonable suspicion that defendant was committing an offense." *Id.* at 516. We expressly rejected the contention

---

[1] *Lindstrom* was decided before *Bybee,* so we did not expressly analyze the case in terms of the three *Bybee* factors.

that, without corroboration, an anonymous tip does not create reasonable suspicion. *Id.*

In this case, the first *Bybee* factor—whether the informant was exposed to prosecution—is not satisfied. Honl did not know whether the informant identified herself, she did not make the report to him in person, and given that Honl stopped defendant before arriving at the scene of the accident, he did not know whether she remained there. However, the second factor is satisfied. The informant's report was sufficiently detailed that it is fair to infer that she did not fabricate it out of "whole cloth" and, thus, that it was based on her personal observations. *Shumway* provides a useful comparison. There, the informant reported that a man driving a green truck in a park was very drunk, had driven erratically, had angrily confronted other people in the park, and had left to get more beer. The informant also described the truck. *Shumway*, 124 Or App at 133. Here, the informant reported that the driver of a yellow Corvette, whom the informant believed to be intoxicated, was involved in a traffic accident; she also gave the license plate number of the Corvette. That is sufficient detail to allow the inference that the report was based on the informant's personal observations.

Furthermore, the third factor is, in part, satisfied. Honl did not corroborate that an accident had occurred, that the Corvette was involved in the accident, or that the driver was intoxicated. However, when he encountered defendant, the vehicle was as described by the informant—yellow Corvette with matching license plate number—and within a block of the reported accident scene. Although Honl did not corroborate all of the information in the report, nothing that he observed contradicted anything in it. *Cf. State v. Hames*, 223 Or App 624, 635, 196 P3d 88 (2008) (where the officer's observations contradict the report, "that contradiction can weigh against a finding of reasonable suspicion"). Defendant notes that Honl did not see any damage on the Corvette until after the stop began, but, in our view, the absence of readily visible damage does not contradict a report that a vehicle was involved in an accident.

We conclude that the report was sufficiently reliable to justify reasonable suspicion that defendant was driving

under the influence. The informant's report was just as detailed as the reports in *Lindstrom* and *Shumway*, and Honl corroborated at least some of the information in the report. It follows that the stop was lawful and that the trial court did not err in denying defendant's motion to suppress.

Affirmed.