# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3703

_____

Max C. Eastin

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: June 12, 2012
Filed: August 21, 2012

_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Max C. Eastin, an inmate in the custody of the Arkansas Department of Correction, appeals the district court's[1] denial of his 28 U.S.C. § 2254 petition for

----

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

federal habeas corpus relief from his state convictions on a number of drug-related charges. We affirm.

## I.    BACKGROUND

Eastin was arrested after a search of his houseboat uncovered evidence of methamphetamine manufacturing. Initially, his attorney filed motions to suppress evidence from the search of the houseboat and for disclosure of the identity of the informant whose information had provided the probable cause for the search warrant. The trial court refused to order the prosecution to reveal the identity of the informant, though, and Eastin's counsel then told the court that he could not proceed to argue his motion to suppress without the informant's identity because the motion was based primarily on what he argued was the state's failure to establish the informant's reliability. The court then denied the suppression motion.

After a jury trial, Eastin was convicted of manufacturing methamphetamine, using paraphernalia to manufacture methamphetamine, possessing a controlled substance, and simultaneously possessing drugs and a firearm, and he was sentenced to 480 months' imprisonment. Eastin appealed his conviction on a number of grounds, including that his motion to suppress should have been granted because the search warrant was based on the testimony of an informant whose reliability had not been established. An Arkansas appellate court vacated the conviction, finding Eastin's suppression argument to be meritorious. *Eastin v. State*, 244 S.W.3d 718, 723-26 (Ark. Ct. App. 2006). However, the Arkansas Supreme Court granted the state's petition for review and reversed the appellate court's decision, holding that Eastin had not properly preserved his suppression argument. *Eastin v. State*, 257 S.W.3d 58, 63-65 (Ark. 2007).

Eastin then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, claiming that his trial counsel had been ineffective for

failing to preserve the suppression argument. The trial court denied his petition, and Eastin appealed to the Arkansas Supreme Court. The Arkansas Supreme Court held that Eastin could not show prejudice from his trial counsel's failure to preserve the suppression argument and affirmed the trial court's denial of his petition for post-conviction relief. *Eastin v. State*, No. CR 08-1189, 2010 WL 2210924, at \*3-4 (Ark. June 3, 2010).

Eastin then filed this federal habeas corpus action, raising a number of claims including that he was denied effective assistance of counsel because of his trial counsel's failure to preserve the suppression argument. The district court dismissed Eastin's petition with prejudice but granted a certificate of appealability on the question of whether Eastin had established ineffective assistance of counsel on the suppression-preservation question.[2]

On appeal, Eastin argues that the district court erred in denying his ineffective assistance of counsel claim. He contends that he is entitled to habeas corpus relief because his trial counsel was constitutionally ineffective in not properly preserving the suppression argument and that he was prejudiced as a result because, if his trial counsel had properly moved to suppress the evidence from the houseboat: (1) the Arkansas Supreme Court would not have disturbed the appellate court judgment vacating Eastin's conviction; (2) the motion would have been granted as the search warrant was deficient under the Arkansas Rules of Criminal Procedure; and (3) the motion would have been granted because the search violated the Fourth Amendment.

---

[2]The district court also granted a certificate of appealability on an independent Fourth Amendment claim, but Eastin has abandoned that claim in his briefs and at oral argument.

## II. DISCUSSION

Under 28 U.S.C. § 2254, we grant habeas corpus relief to a state prisoner whose claims were adjudicated on their merits in state court proceedings only if those proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court decision may be incorrect, yet still not unreasonable, and we will grant relief only if the state court decision is both incorrect *and* unreasonable." *Cole v. Roper*, 623 F.3d 1183, 1187 (8th Cir. 2010), *cert. denied*, 565 U.S. ---, 132 S. Ct. 147 (2011). In federal habeas proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

Ineffective assistance of counsel claims are governed by the two-pronged test in *Strickland v. Washington*, 466 U.S. 668 (1984). For a claim to be cognizable, counsel's performance must rise to a level of constitutional deficiency, and the defendant must show a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695. Failure to file a meritorious motion to suppress can constitute ineffective assistance of counsel if it resulted in prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Eastin first contends that he was prejudiced by his trial counsel's failure to preserve the suppression issue because had his trial counsel properly preserved the suppression issue the Arkansas Supreme Court would not have reversed the appellate court's judgment suppressing the evidence found on the houseboat. As a result, the appellate court's judgment would have remained in force, and his conviction would have been vacated.

However, Eastin cannot rely on the overturned appellate court's judgment. Under Arkansas law, when the Arkansas Supreme Court grants a petition for review, it treats the appeal as if it were originally filed in the Arkansas Supreme Court, reviewing the trial court's judgment only and not the appellate court's judgment. *Hamm v. State*, 232 S.W.3d 463, 467 (Ark. 2006). As a result, the Arkansas Supreme Court's decision to reverse the appellate court and affirm the trial court's judgment on the basis of Eastin's failure to preserve his suppression argument cannot be read to mean necessarily that in the absence of counsel's failure to preserve the suppression issue the Arkansas Supreme Court would have allowed to stand the appellate court's reasoning with respect to the merits of the suppression issue. As the Arkansas Supreme Court itself said in its denial of Eastin's petition for post-conviction relief, "We made no determination regarding the merits of Eastin's arguments" on direct appeal. *Eastin*, 2010 WL 2210924, at *4. Eastin provides no basis for his assumption that a motion to suppress would have been meritorious based on the Arkansas Supreme Court's decision to reverse on a procedural ground rather than reach the merits of the legality of the search. Eastin has therefore not carried his burden of showing prejudice from the alleged ineffective assistance.

Eastin's second argument is that he was prejudiced by his trial counsel's failure to preserve the suppression issue because had his trial counsel properly moved for suppression of the evidence from the houseboat such a motion would have been meritorious under the Arkansas Rules of Criminal Procedure governing search warrants and motions to suppress and would therefore have changed the outcome of the proceeding. Arkansas Rule of Criminal Procedure 13.1 provides that, in applications for search warrants relying on affidavits based "in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained." Eastin argues that the affidavit presented in support of the application for the search warrant in his case, which was based largely on hearsay

from a single confidential informant, did not adequately provide facts supporting that informant's reliability.

The affidavit, though, described information that the informant provided to the affiant police officer: specific characteristics of Eastin's houseboat, which the informant claimed was a locus of methamphetamine production; identification of the inhabitants of the houseboat, Eastin and his girlfriend; the specific dock location of the houseboat; and the fact that the houseboat was sailing at night onto Lake DeGray, allegedly so that methamphetamine could be produced in secret. The affiant police officer confirmed with dock officials and a county investigator the characteristics of the houseboat, its inhabitants, its location, and its nocturnal expeditions.

Under Arkansas law, there are three factors for evaluating the reliability of an informant: "1) whether the informant was exposed to possible criminal or civil prosecution if the report is false; 2) whether the report is based on the personal observations of the informant; and 3) whether the officer's personal observations corroborated the informant's observations." *Frette v. City of Springdale*, 959 S.W.2d 734, 741 (Ark. 1998). "The first factor is satisfied whenever a person gives his or her name to authorities or if the person gives the information to the authorities in person." *Id.* The informant in this case met with the affiant police officer in person. "With regard to the second factor, 'an officer may infer that the information is based on the informant's personal observation if the information contains sufficient detail that it [is] apparent that the informant had not been fabricating [the] report out of whole cloth." *Id.* (alterations in original) (quoting *State v. Bybee*, 884 P.2d 906, 908 (Or. Ct. App. 1994)) (internal quotation omitted). In addition to the corroborated details mentioned above, the informant provided such details, observed firsthand, as the presence of a pill soak on board the houseboat. "The third and final element may be satisfied if the officer . . . finds the person, the vehicle, and the location as substantially described by the informant." *Id.* This element was satisfied here as well, in light of the affiant officer's confirmation of the details provided by the

informant. Eastin has therefore failed to show that the Arkansas Supreme Court's presumptively correct finding that he "has failed to provide a basis upon which trial counsel could have presented a meritorious argument regarding the informant's reliability" was in error. *Eastin*, 2010 WL 2210924, at *4.

Eastin's final argument is that he was prejudiced by his trial counsel's failure to preserve the suppression issue because had his trial counsel moved properly for suppression of the evidence from the houseboat such a motion would have been meritorious under the Fourth Amendment. Even if the search warrant were to have lacked probable cause, though, Eastin has advanced no argument as to why the execution of the search warrant would not fall under the "good faith" exception to the exclusionary rule set out in *United States v. Leon*, 468 U.S. 897 (1984). Eastin has never argued that the "magistrate or judge in issuing [the] warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth . . . [or that] the issuing magistrate wholly abandoned his judicial role." *Leon*, 468 U.S. at 923. Eastin has failed to show that a motion to suppress would have been meritorious under the Fourth Amendment.

Eastin has not met his burden of showing that, but for the claimed ineffective assistance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Therefore, we do not find the Arkansas Supreme Court's decision that Eastin was not prejudiced by any deficient performance on the part of his counsel to be "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law" or to have rested on an unreasonable interpretation of the evidence. 28 U.S.C. § 2254(d).

## III.   CONCLUSION

For the foregoing reasons, we affirm.

_____