Argued and submitted March 18, 2019, reversed and remanded April 29, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT A. SINKEY,
*Defendant-Appellant.*

Hood River County Circuit Court
150127CM; A165784

465 P3d 284

Defendant appeals a judgment of conviction for two counts of recklessly endangering another person, ORS 163.195, after a conditional guilty plea, assigning error to the trial court's denial of his motion to suppress evidence derived from an officer's warrantless entry onto defendant's property to arrest defendant. *Held*: Although the facts known to the officer provided reasonable suspicion that defendant had committed the crime of recklessly endangering another person, they did not provide objective probable cause that defendant had committed the crime so as to support the officer's entry onto defendant's property to arrest him. The trial court therefore erred in denying defendant's motion to suppress.

Reversed and remanded.

Karen Ostrye, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher Page, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, and Armstrong, Judge, and Kistler, Senior Judge.

ARMSTRONG, J.

Reversed and remanded.

## ARMSTRONG, J.

Defendant appeals a judgment of conviction for two counts of recklessly endangering another person, ORS 163.195, after he entered a conditional guilty plea. The charges arose out of a county sheriff deputy's investigation of a call to 9-1-1 to report "a possible drunk driver." The trial court denied defendant's motion to suppress evidence derived from the deputy's warrantless entry onto defendant's property to arrest defendant. Because we conclude that the 9-1-1 caller's information did not provide sufficient information for probable cause to arrest defendant for a crime, we conclude that the trial court erred in denying defendant's suppression motion, and we reverse defendant's convictions.

We review the trial court's ruling on a suppression motion for legal error and are bound by the trial court's express and implicit findings of fact if there is constitutionally sufficient evidence in the record to support them. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We recite the facts consistent with the record and the trial court's express and implicit findings. *State v. Norgren*, 287 Or App 165, 166, 401 P3d 1275 (2017), *rev dismissed*, 363 Or 40 (2018).

A named person called 9-1-1 to report that he had seen a "possible drunk driver," a person who had been drinking while driving a car that had stopped at a market. The caller gave a detailed description of the driver and the vehicle. The caller emphasized that the driver "was really slow" getting out of the car to go into the market and came out with more beer. The caller said that there were two minors in the car. The caller followed the driver a short distance and provided the name of the road and the driver's direction of travel.

Deputy Paulsen responded to the call and determined that the car was licensed to defendant. Believing that he had probable cause to arrest defendant for driving under the influence of intoxicants (DUII) and recklessly endangering another person, Paulsen drove to defendant's address. He passed signs along defendant's driveway stating, "Private Road Keep Out." A hand-written sign stated, "Attention . . . this is a private residence!!! If you wish to

view it . . . Please make an appointment!!! Please respect my Privacy!!!" Paulsen saw defendant's car parked in the driveway. He knocked on the front door, which defendant's teenage son opened. Defendant came to the door, and Paulsen's further investigation revealed evidence that led to the two charges of recklessly endangering another person.[1]

Defendant filed a motion to suppress, contending that Paulsen lacked probable cause and exigent circumstances to enter defendant's property without a warrant, and that entry onto defendant's property violated Article I, section 9, of the Oregon Constitution. The trial court denied the motion, concluding that the 9-1-1 caller's information had given Paulsen probable cause to arrest defendant for the offenses of DUII and recklessly endangering another person. The court concluded further that Paulsen's entry onto defendant's property without a warrant was justified by exigent circumstances, based on the risk of dissipation of evidence of DUII and a risk of harm to the minors.

On appeal, defendant contends that Paulsen's warrantless entry onto his property was not supported by probable cause or exigent circumstances and therefore violated Article I, section 9, of the Oregon Constitution. Because we agree with defendant that Paulsen lacked probable cause that defendant had committed an offense, we conclude that the trial court erred in denying defendant's suppression motion.

A warrantless entry and search of premises is "*per se* unreasonable unless it falls within one of the few specifically established and carefully delineated exceptions to the warrant requirement." *State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988). It is undisputed that the signs on defendant's driveway communicated defendant's intention to exclude the public from his property and that a warrant or an exception to the warrant requirement was therefore required for law enforcement officers to enter the property.[2]

---

[1] In a separate case, defendant was charged with DUII, to which he pleaded no contest.

[2] The state does not dispute that Paulsen's entry onto defendant's property constituted a search that required a legal justification and that the evidence that defendant sought to suppress was a product of the search.

*State v. Digby/Dixson*, 307 Or 195, 212, 766 P2d 1015 (1988) ("[I]f a land is fenced, posted or otherwise closed off, one does not enter it without permission or, in the officers' situation, permission and a warrant."). One exception to the warrant requirement allows a search of premises when there is probable cause that a crime has occurred and the officer faces exigent circumstances. *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991); *State v. Perrott*, 288 Or App 837, 839, 407 P3d 892 (2017). Defendant contends that Paulsen's entry onto his property was not supported by probable cause that defendant had committed a crime. The state responds that the caller's information provided probable cause that defendant had committed DUII and recklessly endangering another person.

An informant's reliable report can furnish the required facts and inferences to establish probable cause of criminal activity. *State v. Pollock*, 189 Or App 38, 45, 73 P3d 297 (2003), *aff'd on other grounds*, 337 Or 618, 102 P3d 684 (2004). The offense of recklessly endangering another person occurs when a defendant "recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ORS 163.195(1). The focus of the DUII statute, ORS 813.010, "is on the act of driving, and doing so while impaired." *State v. Eumana-Moranchel*, 352 Or 1, 7, 277 P3d 549 (2012). The parties agree that here, the required probable cause for either offense depends on information that defendant was driving while impaired—a necessary element of DUII and the conduct alleged to have created the risk to defendant's passengers for the offense of reckless endangerment.

Defendant does not challenge the 9-1-1 caller's reliability. *See State v. Bybee*, 131 Or App 492, 495, 884 P2d 906 (1994) (describing indicia of reliability of a citizen informant's report). Defendant also does not dispute that the caller provided facts that were sufficient to give rise to a reasonable suspicion that defendant was driving while intoxicated. *See id.* at 497 (because members of the public have a common knowledge about whether a person is under the influence of alcohol, an informant's statement that a person is intoxicated conveys sufficient information to allow a reviewing

judge to determine that the facts created reasonable suspicion); *State v. Walker*, 277 Or App 397, 401, 372 P3d 540, *rev den*, 360 Or 423 (2016) (an officer may have "reasonable suspicion" sufficient to justify an investigatory stop of a person even if the officer does not have sufficient reason to believe that it is probable that the person has committed, or is about to commit, a crime). But defendant contends that those facts did not provide objective probable cause that he drove while impaired.

Under Article I, section 9, probable cause exists if the arresting officer subjectively believes that it is more likely than not that an offense has been committed and that belief is objectively reasonable. *State v. Williams*, 178 Or App 52, 60, 35 P3d 1088 (2001); *see also* ORS 131.005(11) ("probable cause" means that there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it). In determining whether objective probable cause exists, the court considers the totality of the circumstances presented to the officer and the reasonable inferences that may be drawn from those circumstances; no single factor is dispositive. *State v. Miller*, 265 Or App 442, 446, 335 P3d 355 (2014).

Here, as relates to probable cause, the evidence supports the following findings and inferences: Defendant had been drinking beer while driving; defendant got out of his car at the market very slowly; defendant purchased beer at the market; and the caller believed he was reporting a "possible drunk driver." Whether those findings establish probable cause that defendant drove while intoxicated is a legal question. *State v. Woodall*, 181 Or App 213, 217, 45 P3d 484 (2002). We conclude that they do not.

A person's driving is "impaired" for purposes of DUII if the person is "adversely affected by intoxicants to a perceptible degree while driving." *State v. Mazzola*, 356 Or 804, 812-13, 345 P3d 424 (2015); ORS 813.010(1)(b), (c); *see also State v. Stroup*, 147 Or App 118, 122, 935 P2d 438 (1997) ("a person is under the influence of intoxicating liquor or a controlled substance when the person's physical or mental facilities are adversely affected to a noticeable or perceptible

degree"). To constitute probable cause, there must be information from which a law enforcement officer could conclude that it is more likely than not that defendant drove while he was physically or mentally impaired. The caller did not provide any information about defendant's driving; nor was there any information concerning the usual observational indications of a driver's impairment from intoxicants, such as watery or blood shot eyes, slurred speech, or an odor of alcohol. *See, e.g.*, *State v. Forrest*, 174 Or App 129, 136, 25 P3d 392 (2001) (describing facts giving rise to probable cause necessary to conduct field-sobriety tests); *State v. Gilmour*, 136 Or App 294, 300, 901 P2d 894, *rev den*, 322 Or 360 (1995) (same).

The state contends that the caller's report of a "possible drunk driver," that defendant was drinking while driving (showing a lack of judgment), and that defendant moved very slowly when getting out of the car at the market (possible physical impairment), allow an inference of impaired driving. Although we agree that those facts allow the inference that defendant was *possibly* impaired while driving, which would have provided a basis to stop defendant, *Bybee*, 131 Or App at 494-95, they do not allow the inference that defendant probably drove while impaired, which was required to provide probable cause for Paulsen to enter defendant's property without a warrant to arrest him for the offense of DUII or recklessly endangering another person. The trial court therefore erred in denying defendant's suppression motion.

Reversed and remanded.