Argued and submitted December 14, 2006, affirmed May 16, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TEODORO ALVAREZ-GARCIA,
*Defendant-Appellant.*

Marion County Circuit Court
04C46765; A127524

159 P3d 357

Jay Edwards argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge,* and Rosenblum, Judge.

ORTEGA, J.

---

* Brewer, C. J., *vice* Linder, J.

## ORTEGA, J.

■    Defendant appeals from a judgment of conviction of delivery of a Schedule II controlled substance. *Former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005). Defendant contends that the evidence was insufficient to support the conviction. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the state to determine if a rational factfinder could find each element of the offense beyond a reasonable doubt. *State v. Forrester*, 203 Or App 151, 153, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006). We affirm.

Oregon State Trooper Webster was the only witness at trial. Webster, a drug recognition expert, stopped defendant one day at 2:45 a.m. and found on defendant two sandwich-sized plastic bags, one containing a "golf ball size" amount and the other containing a smaller amount of a substance that subsequently was determined to be methamphetamine. The smaller amount was close to a typical user-amount of the drug. The total amount of methamphetamine was approximately 13.2 grams, which Webster identified as providing approximately 52 individual uses.

Webster testified that methamphetamine users generally do not carry enough for multiple uses with them, and that carrying enough for 52 uses is very unusual. In Webster's experience, when people carry more than a user-amount of methamphetamine, the purpose is to deliver the drug to others. Webster acknowledged that, in his experience with arrests for delivery of controlled substances, he typically has found other items—such as scales and additional packaging materials—that he did not find on defendant. Webster and defendant did not discuss whether defendant intended to sell the methamphetamine. Nevertheless, based on the amount of methamphetamine and the fact that it was separated into two different bags, Webster believed that defendant intended to deliver the substance.

In closing arguments, the state emphasized Webster's testimony that methamphetamine users typically do not carry around more than a few uses' worth of the drug. The state contended that the amount of methamphetamine

that defendant was carrying, coupled with defendant's use of two separate bags, was inconsistent with personal use but was typical of someone delivering the controlled substance for sale. Defendant argued that merely possessing a large quantity of drugs, without items commonly associated with the "paraphernalia of distribution," is insufficient to establish the intent to deliver. Based on the case law, defendant contended, the evidence was insufficient to establish attempted transfer of a controlled substance. The trial court found defendant guilty of delivery of a substantial quantity of a Schedule II controlled substance.

■ On appeal, defendant contends that the trial court erred "in finding the state has proven the charge of delivery of a substantial quantity of methamphetamine based on the mere possession of a substantial quantity of methamphetamine." The state responds that a reasonable factfinder could infer, based on defendant's possession of an extremely large quantity of methamphetamine, separated into two packages, that defendant intended to deliver the drug. As we explain below, we agree with the state.

■ Under ORS 475.840(1)(b), a person who delivers methamphetamine is guilty of a Class B felony. ORS 475.005(8) defines "delivery," as pertinent here, to mean "the actual, constructive or attempted transfer * * * of a controlled substance." A person is guilty of attempting to transfer a controlled substance if the person intentionally engages in conduct that constitutes a substantial step toward transferring such a substance. *See* ORS 161.405(1).[1] Possessing a controlled substance with the intent to transfer it may constitute a substantial step toward actually transferring it. *State v. Boyd*, 92 Or App 51, 53-54, 756 P2d 1276, *rev den*, 307 Or 77 (1988) (holding that evidence was sufficient for

---

[1] ORS 161.405(1) provides that a "person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Although that statute is not directly applicable here, because an attempt to transfer a controlled substance constitutes delivery, rather than attempted delivery, it nevertheless provides the appropriate definition of "attempt" for purposes of ORS 475.005(8). *See State v. Boyd*, 92 Or App 51, 53, 53 n 1, 756 P2d 1276, *rev den*, 307 Or 77 (1988) (explaining that, because the statutes governing delivery of controlled substances do not define "attempt" or "attempted transfer," the definition of "attempt" in ORS 161.405(1) applies).

conviction of delivery where the defendant possessed heroin that she admitted having acquired in order to sell).

There is direct evidence in this case that defendant possessed methamphetamine. The question is whether there is sufficient evidence that he intended to transfer it. We have held that the evidence of possession of a controlled substance in an amount inconsistent with personal use, together with possession of items associated with the transfer of controlled substances, is sufficient to support a conviction for delivery. *See, e.g.*, *State v. Fulmer*, 105 Or App 334, 336-37, 84 P2d 515 (1991) (involving possession of six bindles of cocaine in individual packages, a razor blade, and cash); *State v. Aguilar*, 96 Or App 506, 508-10, 773 P2d 17, *rev den*, 308 Or 315 (1989) (involving possession of 12 bags of methamphetamine, seven balloons of heroin, scales, a police scanner, razor blades, cash, and drug records). However, we have also held that possession of an undisclosed quantity of drugs, without evidence linking the defendant to materials that are commonly associated with drug transfer, is insufficient to provide delivery. *State v. Miller*, 196 Or App 354, 361-63, 103 P3d 112 (2004), *rev den*, 338 Or 488 (2005).

Here, defendant possessed 13.2 grams of methamphetamine, enough for 52 individual uses. Webster testified that possession of that amount is inconsistent with personal use but consistent with delivery of methamphetamine. Although defendant was not carrying other items that are commonly associated with the transfer of drugs, the methamphetamine was separated into two packages, one of which contained a typical user amount. A factfinder could reasonably infer that defendant had put that amount into a separate package because he intended to transfer the other package. Although that inference is not required by the evidence, it is supported by the evidence. *See Miller*, 196 Or App at 358 ("The inference need not inevitably follow from the established facts; rather, if the established facts support multiple reasonable inferences, the jury may decide which inference to draw." (Citing *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004).)).

Because a rational factfinder could reasonably find that defendant possessed the methamphetamine with the

intent to transfer it, the evidence was sufficient to support defendant's conviction.[2]

Affirmed.

---

[2] Defendant contends that "[t]he issue of proportionality is also presented" in this case, because the "naked possession of more than 10 grams of meth can be charged and tried as either a possession or a delivery * * *." Even if defendant had preserved that issue (and defendant has not established that he did), it would not be properly presented in this case. The evidence of delivery here is not only that defendant possessed 13.2 grams of methamphetamine, but also that the drug was divided into separate packages. Thus, defendant's conviction was not based on possession alone.