Argued and submitted August 27, 2009, affirmed March 3, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CYNTHIA LYNN SCHWAB,
*Defendant-Appellant.*

Marion County Circuit Court
07C50644; A139336

227 P3d 1182

Jedidiah Peterson, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Anna Marie Joyce argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Greg Rios, Assistant Attorney General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted of delivery of marijuana for consideration, ORS 475.860(2), argues on appeal that the trial court erred in instructing the jury on the elements of the charge and in imposing a departure sentence. We reject without discussion defendant's challenge to the departure sentence. As explained below, we conclude that the trial court's jury instruction was not erroneous. Accordingly, we affirm.

■■ We review to determine whether the jury instruction given by the trial court was a correct statement of the law. *See generally State v. Rogers*, 313 Or 356, 383, 836 P2d 1308 (1992), *cert den*, 507 US 974 (1993). An erroneous instruction constitutes reversible error if it "prejudiced the defendant when the instructions are considered as a whole." *State v. Williams*, 313 Or 19, 38, 828 P2d 1006 (1992).

The basic facts underlying the charge are straightforward. Police officers discovered a bag under the seat in a police car where defendant had been seated. In the bag were nine smaller bags, each containing between approximately 1.5 and 24 grams of marijuana. The total amount of marijuana was 2.48 ounces. The state presented testimony by police officers that some of the smaller bags, those containing about 1.5 grams, contained a normal "user quantity" of marijuana and that possession of multiple small bags containing user quantity amounts of marijuana was a "very strong indication that somebody is selling rather than using."

Under ORS 475.005(8), a "delivery" is "the actual, constructive or attempted transfer * * * from one person to another of a controlled substance." In *State v. Boyd*, 92 Or App 51, 53, 756 P2d 1276, *rev den*, 307 Or 77 (1988), we addressed the question "whether possession of a large amount of heroin, not for personal use but for sale, constitutes attempted delivery within the meaning of ORS 475.005(8), which does not define either attempted transfer or attempt."

We continued:

"The provisions of the Oregon Criminal Code of 1971, ORS 161.005 to ORS 167.820, are therefore applicable. *See* ORS 161.035.

"ORS 161.405(1) provides:

" 'A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime.'

"The state directs our attention to *Commentary to the Criminal Code of 1971*, § 54, at 49-50, which provides, in relevant part:

" '[T]he Model Penal Code examples of acts which should not be held insufficient as a matter of law to constitute a substantial step are approved and are set out as follows:

" '* * * * *

" '(e)   possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances;

" '(f)   possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances[.]'

"The state is correct that the fact that defendant possessed the large amount of heroin together with her admission that she acquired it in order to sell it amounts to evidence that she had taken a substantial step toward the commission of the crime of delivery of a controlled substance."

*Id.* (ellipsis and brackets in original; footnote omitted).

■     On appeal, defendant acknowledges that *Boyd* addressed whether possession of a large amount of a controlled substance for sale constitutes attempted delivery, but argues that the court actually held only that possession of a large amount, "together with [the defendant's] admission that she acquired it in order to sell it," *id.* at 54, was sufficient proof of the offense. He argues that a jury instruction that

indicates that a large quantity of drugs alone can be suffi-cient evidence of delivery is an erroneous instruction. As explained below, we disagree that the court's instruction was erroneous.

The jury instructions in the present case, as perti-nent to the inquiry here, stated:

"When you use the instructions, don't place undue empha-sis on the particular instruction, but rather, view them as a whole.

"* * * * *

"There are two types of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is circum-stantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of a certain fact. You may base your verdict on direct evidence or on circum-stantial evidence, or on both.

"In this case, the Defendant is charged with the crime of marijuana for consideration. * * *

"* * * * *

"In this case, to establish the crime of unlawful delivery of marijuana for consideration, the State must prove beyond a reasonable doubt the following three elements: that the act occurred in Marion County, Oregon; * * * that [defendant] unlawfully and knowingly delivered marijuana to another person for something given or promised to be given in return.

"Consideration means money, property, or something of value to the receiver, given or promised to be given in return. Delivery means the actual[,] constructive or attempted transfer, other than by administering or dis-pensing, from one person to another, of a controlled sub-stance, whether or not there is an agency relationship.

"Under Oregon law, *possession with intent to deliver constitutes delivery, even where no actual transfer is shown. An attempted transfer occurs when a person intentionally engages in conduct which constitutes a substantial step and includes, but are not limited to, possession of a large amount of a controlled substance, not for personal use, but consis-tent, instead, with trafficking in controlled substances.*

> "The definition of attempt is a person attempts to commit a crime when he or she intentionally engages in conduct that constitutes a substantial step toward the commission of that crime."

(Emphasis added.)

Defendant argues that that instruction "allowed the jury to draw an inference of delivery solely from the fact of possession of 2.48 ounces of marijuana." The instruction, however, did not merely refer to a "large amount" of controlled substance, but referred to an amount "not for personal use, but consistent, instead with trafficking in controlled substances." Defendant insists that "[t]he jury was not instructed that it had to find other indicia of trafficking, so it did not need to decide whether the several packages of separate sizes constituted an indicia of trafficking." We disagree that, when viewed in context, the jury would have understood the instruction to focus only on the quantity of the controlled substance and not on indicia of drug trafficking when determining whether the drugs were "not for personal use, but consistent, instead with trafficking[.]" The state's evidence in this case did not merely describe a large amount of marijuana; it demonstrated a large amount of marijuana *that was packaged in a way that was not consistent with personal use*, but was consistent with drug trafficking. Moreover, the prosecutor's opening statement, closing argument, and rebuttal argument did not refer to the quantity of marijuana at all—instead, the prosecutor referred to the manner in which it was packaged as evidence that it was not consistent with personal use.[1]

In short, the issue that defendant frames on appeal—whether a jury instruction that indicates that a person may be found guilty of delivery of a controlled substance based *solely* on the quantity of the substance found—is not actually properly before this court. The sole issue is whether the instruction that was given, which qualified the term

---

[1] We note that this issue was not heavily litigated at trial. Defendant did not argue to the jury that either the quantity or the packaging of the drugs was consistent with personal use. Rather, defendant's arguments concerned whether the state had proved beyond a reasonable doubt that it was defendant, as opposed to someone else, who had hidden the drugs in the police car.

"large amount" with the additional terms "not for personal use, but consistent, instead with trafficking in controlled substances," was an accurate statement of the law. We conclude that it was. A reasonable jury hearing the instructions would understand that, in determining whether an attempted transfer occurred, it should consider the quantity of drug involved *and* other evidence to determine whether that quantity was not consistent with personal use, but instead was consistent with drug trafficking.

Our decisions following *Boyd* confirm that. *See, e.g., State v. Alvarez-Garcia*, 212 Or App 663, 159 P3d 357 (2007) (evidence that the defendant possessed a large quantity of a controlled substance and that it was packaged in such a way that a factfinder could infer that he intended to transfer one of the packages was sufficient to support a delivery conviction); *State v. Garcia*, 120 Or App 485, 852 P2d 946 (1993) ("Possession of quantities of controlled substances not consistent with personal use, and of items associated with drug trafficking, is evidence of a 'substantial step' toward transferring controlled substances."); *State v. Fulmer*, 105 Or App 334, 804 P2d 515 (1991) (possession of a quantity of cocaine rarely carried for personal use, along with other indicia of trafficking, including the way it was packaged and the possession of a razor blade, was sufficient evidence to support conviction for delivery); *State v. Aguilar*, 96 Or App 506, 773 P2d 17, *rev den*, 308 Or 315 (1989) (possession of a quantity of methamphetamine and heroin not consistent with personal use, but consistent with trafficking in controlled substances, and possession of items associated with drug trafficking, was sufficient evidence of an attempt to transfer).[2]

We conclude that the trial court properly instructed the jury concerning the delivery charge.

Affirmed.

---

[2] Defendant argues that our decision in *State v. Moore*, 139 Or App 27, 910 P2d 1163 (1996), contains erroneous *dictum* indicating that delivery requires only proof of a large quantity of drugs. Given our determination that the jury instruction in the present case did not, in fact, tell the jury that proof of a large quantity of drugs was sufficient evidence to convict her of delivery, we need not determine whether the statement in *Moore* that defendant questions is an accurate statement of the law.