On petition for review filed on June 16,* considered and under advisement on August 18, petition for review denied September 16, 2010

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CYNTHIA LYNN SCHWAB,
*Petitioner on Review.*

(CC 07C50644; CA A139336; SC S058555)

239 P3d 246

Jedediah Peterson, Deputy Public Defender, Salem, filed the petition for petitioner on review. With him on the petition was Peter Gartlan, Chief Defender, Office of Public Defense Services.

No appearance *contra.*

PER CURIAM

Kistler, J., concurred and filed an opinion, in which Gillette, J., joined.

---

* Appeal from Marion County Circuit Court, Mary Mertens James, Judge. 234 Or App 43, 227 P3d 1182 (2010).

## PER CURIAM

The petition for review is denied.

**KISTLER, J.,** concurring.

The court today denies the petition for review in this case. I concur in that disposition but write separately to note an unpreserved problem with an instruction that, in some counties, is being given with increasing frequency.

In this case, defendant possessed 2.48 ounces of marijuana. Some of the marijuana was packaged in a way that, as an officer later testified, suggested defendant possessed the marijuana with the intent to transfer or sell it. The state charged defendant with delivery, and the trial court instructed the jury:

> "Under Oregon law, possession with intent to deliver constitutes delivery, even where no actual transfer is shown. An attempted transfer occurs when a person intentionally engages in conduct which constitutes a substantial step and includes, but [is] not limited to, possession of a large amount of a controlled substance, not for personal use, but consistent, instead, with trafficking in controlled substances."

The second sentence of the trial court's instruction told the jury that, if it found that defendant possessed "a large amount of a controlled substance, not for personal use, but consistent, instead, with trafficking in controlled substances," then an attempted transfer had occurred.

In my view, that part of the instruction improperly converted a permissible factual inference into a mandatory finding. To be sure, if a jury finds that a defendant possessed a larger amount of a controlled substance than a person ordinarily would possess for personal use, then the jury may but is not required to infer that the defendant possessed the controlled substance with the intent to sell or transfer it.[1] A

---

[1] The strength of the inference varies with the amount of the controlled substance possessed. When the amount of a controlled substance that a defendant possesses is only slightly more than a person ordinarily would possess for personal use, other evidence of the defendant's intent may be necessary to permit a reasonable juror to infer that the defendant possessed the substance with intent to

judge, however, may not instruct a jury that it must draw that inference. The United States Supreme Court held over 30 years ago that such an instruction would violate the Due Process Clause. *See Sandstrom v. Montana*, 442 US 510, 513, 523-24, 99 S Ct 2450, 61 L Ed 2d 39 (1979) (holding that the instruction that "[t]he law presumes that a person intends the ordinary consequences of his voluntary acts" violates due process).

In this case, defendant objected to the trial court's instruction on a different ground, and the Court of Appeals correctly resolved the objection that defendant raised. *See State v. Schwab*, 234 Or App 43, 48-49, 227 P3d 1182 (2010) (rejecting defendant's argument that the trial court's instruction failed to require indicia of trafficking other than possession of a large amount of a controlled substance). For that reason, I concur in the court's denial of defendant's petition for review. It is important to recognize, however, that the Court of Appeals decision in this case and our denial of review are limited to the objection that defendant raised. Neither the Court of Appeals decision nor our denial of review should be read as giving unqualified approval to the trial court's instruction.

Gillette, J., joins in this opinion.

---

deliver. Conversely, when a person possesses a substantially larger amount of a controlled substance than ordinarily would be possessed for personal use, no other evidence may be necessary to permit a reasonable juror to infer that the defendant possessed the substance with intent to deliver.