***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 17, affirmed September 14, 2022, petition for review allowed
January 19, 2023 (370 Or 714)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DARRON DUANE DODGE,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1301852; A174232

Susie L. Norby, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Ingrid MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In 2015, a jury found defendant guilty of one count of unlawful sexual penetration in the second degree, ORS 163.408, and five counts of sexual abuse in the first degree, ORS 163.427, for sexually abusing his niece and acquitted him on 40 other counts. Defendant appealed, and we reversed and remanded on a suppression issue. *State v. Dodge*, 297 Or App 30, 441 P3d 599, *rev den*, 365 Or 533 (2019). Before the second trial, defendant moved to dismiss the indictment on double-jeopardy grounds. He argued that the trial court should have dismissed the indictment because it presented a risk of reprosecution for crimes of which he had already been acquitted in violation of the protections in the state and federal constitutions against successive prosecutions. The trial court denied his motion, the jury found defendant guilty on all six counts, and defendant initiated this timely appeal.

On appeal, defendant argues that the doctrine of issue preclusion prevented the state from retrying him and therefore the trial court should have granted his motion to dismiss. The state remonstrates that preservation principles preclude review and that, in any event, the trial court correctly denied defendant's motion to dismiss. Defendant did not file a reply brief responding to the state's preservation argument, nor did he argue in his opening brief that the trial court committed plain error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380-81, 823 P2d 956 (1991) (explaining that an issue not preserved in the trial court generally will not be considered on appeal, unless that error qualifies for plain-error review). After reviewing the record and the arguments advanced on appeal, we conclude that defendant raises a new theory for why the trial court should have dismissed the indictment on double-jeopardy grounds.

To preserve an argument before the trial court, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Defendant has not pursued on appeal the

double-jeopardy theory that he raised before the trial court; rather, his argument has shifted to rely on principles of issue preclusion. Defendant failed to preserve the theory that he raises on appeal, and we do not understand him to pursue on appeal the theory that he raised before the trial court. As we have explained, "[a]lthough there is some degree of liberality to the preservation requirement, the requirement is not meant to be a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial." *State v. Blasingame*, 267 Or App 686, 691, 341 P3d 182 (2014), *rev den*, 357 Or 299 (2015) (internal quotation marks omitted); *see also State v. Stevens*, 328 Or 116, 123-24, 970 P2d 215 (1998) (concluding that the arguments raised on appeal were not consistent with the theory of that party's objections before the trial court and therefore not preserved for appellate review). Accordingly, defendant's unpreserved appellate argument provides no basis for reversing the trial court.

Affirmed.