No. 749 August 20, 2025 813

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHAN ALEXANDER HARTLEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
20CR23432; A179939

Stephen K. Bushong, Judge.

Argued and submitted June 24, 2025.

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Hunter Briggs, Certified Law Student, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant entered a conditional guilty plea to felon in possession of a firearm (FIP), ORS 166.270, after officers were tipped by a confidential police informant who claimed to have seen defendant with a firearm. In his only assignment of error, defendant contends that the trial court erred in determining that the informant's report was reliable. We affirm.

We state the facts—which are undisputed—consistently with the trial court's explicit and implicit findings as they are supported by the record. *State v. Barber*, 279 Or App 84, 85, 379 P3d 651 (2016). Two officers who were assigned to the Gun Violence Reduction Team (GVRT) received a tip over the GVRT radio from a confidential police informant that described a man, later identified to be defendant, unlawfully possessing a firearm. The tip alerted the officers that defendant wore a green shirt and green hat and described the make and license plate of the car he was driving. The tip also included the intersection where defendant could be located.

Running the license plate number revealed that the vehicle belonged to an individual named Hiner and defendant, who has a prior felony conviction. The officers arrived at the intersection that the informant relayed, and the officers corroborated the informant's report: They observed a man (defendant) wearing a green shirt and green hat and driving the vehicle that the informant described. Defendant, driving his and Hiner's car, committed multiple traffic violations as he left the intersection, and the officers pulled them over. Hiner consented to a search of the vehicle and told the officers that her firearm was inside the vehicle. The firearm was indeed found in a small, unlocked compartment to the left of the steering wheel. Defendant admitted that he might have touched the firearm while reaching for cigarettes. Following that incident, defendant was charged with FIP.

As relevant to this appeal, defendant moved to suppress the seizure of the firearm, arguing that the informant's report lacked sufficient indicia of reliability to form

reasonable suspicion justifying the expansion of the stop. The state contended that the report from an anonymous informant was reliable because it satisfied the three factors set out to evaluate an informant's reliability in *State v. Bybee*, 131 Or App 492, 884 P2d 906 (1994). As explained further below, the trial court applied those three factors and denied defendant's motion. Following that denial, defendant entered a conditional guilty plea, reserving his right to challenge the trial court's ruling.

On appeal, defendant contends that the trial court erred by denying his motion to suppress. He argues that the *Bybee* factors are insufficient to assess reliability when the tip comes from a confidential police informant and posits a new test, extracting principles from *Aguilar v. Texas*, 378 US 108, 84 S Ct 1509, 12 L Ed 2d 723 (1964) and *Spinelli v. United States*, 393 US 410, 89 S Ct 584, 21 L Ed 2d 637 (1969)—cases that assess the reliability from an informant's tip in a probable cause context. The state responds that defendant did not preserve his argument that the trial court should have applied the *Aguilar/Spinelli* test. The state also contends that a new test to evaluate a confidential police informant's reliability is unwarranted because the *Bybee* factors are sufficient to assess the reliability of confidential police informants.

We agree with the state that defendant did not preserve his argument that a new test based on *Aguilar/Spinelli* should be applied. Before the trial court, defense counsel generally argued that "there needs to be a greater degree of veracity" for a confidential police informant's tip. But, when prompted by the trial court for "a case that helps *** analyze when the person making the report is a confidential police informant," defense counsel replied, "No, *** I have nothing." The trial court explicitly asked the parties about *Spinelli*, as it was cited in the state's brief, and the state opined that it was only "tangentially helpful," because that case related to the probable cause standard. The state reiterated that, in the context of reasonable suspicion, the three *Bybee* factors were determinative. Defense counsel did not object to the application of those factors, nor did he argue that *Spinelli* had any relevance in this case. Thus,

defense counsel's general argument below—"here needs to be a greater degree of veracity"—did not preserve his specific argument on appeal—that the court must apply a new test based on *Aguilar/Spinelli* to analyze a confidential informant's report. *See State v. Blasingame*, 267 Or App 686, 691, 341 P3d 182 (2014), *rev den*, 357 Or 299 (2015) (explaining that "[a]lthough there is some degree of liberality to the preservation requirement, the requirement is not meant to be a cursory search for some common thread, however remote, between an issue on appeal and a position that was advanced at trial" (internal quotation marks omitted)); *State v. Wolfgang*, 278 Or App 781, 786, 379 P3d 759, *rev den*, 360 Or 465 (2016) (explaining that "arguments on appeal will be deemed unpreserved if they present discrete legal theories that could, and should, have been raised below" (internal quotation marks omitted)). Defendant does not request plain error review, and "we do not engage" in that analysis unless requested to do so. *State v. Ardizzone*, 270 Or App 666, 667, 349 P3d 597, *rev den*, 358 Or 145 (2015).

To the extent defendant contends that the informant's tip was unreliable, we conclude that the trial court did not err. "Reasonable suspicion requires that an officer subjectively believe that a person has committed a crime and that the belief be objectively reasonable in light of the totality of the circumstances." *State v. De La Rosa*, 228 Or App 666, 672, 208 P3d 1012 (2009). And "when reasonable suspicion is based solely on" an informant's report, "that report must contain some indicia of reliability." *Bybee*, 131 Or App at 495. The following three factors are considered in determining whether an informant's report is reliable: (1) "whether the informant is exposed to possible criminal and civil prosecution if the report is false"; (2) "whether the report is based on the personal observations of the informant"; and (3) whether the "officer's own observations corroborated the informant's information." *Id.*; *see De La Rosa*, 228 Or App at 672 (applying the *Bybee* factors to determine whether a tip from a police informant was reliable to form reasonable suspicion).

Even assuming that defendant is correct that the first factor should not weigh towards reliability in a confidential police informant context, the other two *Bybee* factors

weigh in favor of the state. *See State v. Simpson*, 245 Or App 152, 157, 261 P3d 90 (2011) (concluding that an informant's "report was sufficiently reliable" despite the first factor weighing against reliability). The informant's report was based on their personal observations, which included specific and time-sensitive details: defendant's clothing, the description of his vehicle, and the intersection where defendant could be found. Those observations "contain[] sufficient detail that" the informant "'had not been fabricating [the] report out of whole cloth,'" satisfying the second factor. *Id.* at 155 (quoting *Spinelli*, 393 US at 417-18). And the officers' personal observations of defendant's appearance, location, and his vehicle were exactly as the informant described. *See De La Rosa*, 228 Or App at 673 (explaining that in assessing the third factor, an "officer may corroborate the [informant's] report *** by finding the person, the vehicle, and the location substantially as described by the informant"). Accordingly, the informant's report had sufficient indicia of reliability.

Affirmed.