Argued March 1, reversed and remanded April 23, reconsideration denied June 5, petition for review denied July 24, 1979

STATE OF OREGON, *Appellant,*
*v.*
JAMES P. WORTHINGTON, *Respondent.*
(No. G23206, CA 12350)
593 P2d 1241

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

E. Ted Meece, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

This is an appeal by the state pursuant to ORS 138.060 from an order granting a motion to suppress the testimony of the officer who had arrested the defendant on a charge of driving while suspended. ORS 487.560.

At the suppression hearing, the officer testified that he stopped the defendant to determine if the car he was driving was a stolen vehicle. When he sighted the car, he recalled that a car similar to the one he saw was listed on a police "hot sheet" list of stolen vehicles. He testified that the make and color of the car were on the "hot sheet" and that he thought the car was described as a 1964 model. On the latter point he was not certain. He testified that he did not know the license number of the stolen vehicle, and there was no testimony to establish whether the license number was on the "hot sheet." The car was a 1964 white Corvair. He also said that he did not believe there were many cars of that make and vintage on the road.

ORS 131.615[1] and the definition of "reasonably suspects" in ORS 131.605(4)[2] are controlling. In *State v. Lindstrom,* 37 Or App 513, 588 P2d 44 (1978), we upheld a stop by a police officer based upon an anonymous report that the operator of a yellow Ford pickup truck had been driving recklessly and had nearly forced the informant off the road. We said that that report "constituted information of sufficient quantity and quality to give rise to a reasonable

---

[1] ORS 131.615:

"(1) A peace officer who reasonably suspects that a person has committed a crime may stop the person and, after informing the person that he is a peace officer, make a reasonable inquiry.

"(2) The detention and inquiry shall be conducted in the vicinity of the stop and for no longer than a reasonable time.

"(3) The inquiry shall be considered reasonable only if limited to the immediate circumstances that aroused the officer's suspicion."

[2] ORS 131.605(4):

"(4) 'Reasonably suspects' means that a peace officer holds a belief that is reasonable under the totality of the circumstances existing at the time and place he acts as authorized in ORS 131.605 to 131.625."

suspicion the defendant was committing an offense." In *State v. Albertsen,* 37 Or App 679, 590 P2d 235 (1979), we upheld a stop based upon the officer's observing a car driven by a man stop on the shoulder of the road and seeing the same car a little while later with another person driving and the former driver riding as a passenger. We held that the circumstances "would justify an investigative stop and further inquiry." For the reasons in those cases, we conclude here that the officer had a sufficient basis for a reasonable belief that the automobile was stolen. The trial court was therefore in error in suppressing the testimony.

Reversed and remanded.