308 December 31, 2025 No. 1153

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN JOSEPH ROY POTTER,
*Defendant-Appellant.*

Lane County Circuit Court
22CR56581; A181480

R. Curtis Conover, Judge.

Argued and submitted December 19, 2024.

Francis C. Gieringer, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Powers, Presiding Judge, Pagán, Judge, and Armstrong, Senior Judge.

POWERS, P. J.

Reversed and remanded.

**POWERS, P. J.**

Defendant appeals from a judgment of conviction for unlawful possession of a firearm. In a single assignment of error, defendant challenges the trial court's denial of his motion to suppress, contending that the police officer did not have reasonable suspicion to stop him. As explained below, we conclude that the state failed to adduce sufficient specific and articulable facts to support a determination that the officer's subjective suspicion that defendant had stolen the bicycle was objectively reasonable. Accordingly, we reverse and remand.

We review a trial court's ruling on a motion to suppress for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). In so doing, we are bound by the court's factual findings if there is constitutionally adequate evidence to support them. *Id.* If the court did not make express findings of fact on all pertinent issues, we "presume that the facts were decided in a manner consistent with the court's ultimate conclusion." *Id.* Although the parties are familiar with the factual and procedural history, we provide a brief recitation of the undisputed details adduced during the suppression hearing for context in this nonprecedential memorandum opinion.

One evening in Eugene, Officer Cardwell was on patrol and saw defendant and another person outside defendant's apartment with two bicycles, one of which was a white Cannondale. Cardwell testified that she believed that the Cannondale was a stolen bicycle that was on a "hot sheet," which is a list she receives every day that contains bicycles worth over $500 that have been reported stolen. Cardwell approached defendant and asked to see the serial number on the bicycle. The bicycle's serial number matched the stolen one, and Cardwell took the bicycle with her. Before leaving, Cardwell asked for defendant's name and birthdate. Later that evening, after she learned that defendant had a warrant out for his arrest, Cardwell found him in another location and arrested him. Cardwell testified that, at the time of his arrest, defendant had a loaded firearm on him, which formed the basis of his conviction for unlawful possession of a firearm.

After being charged, defendant moved to suppress evidence of the firearm, arguing that it was derived from an unlawful stop outside of defendant's apartment. Defendant contended that Cardwell did not have reasonable suspicion to stop him to investigate whether the bicycle was stolen. The trial court denied the motion to suppress, reasoning that the initial stop of defendant outside his apartment was supported by reasonable suspicion. Defendant then entered a conditional guilty plea for one count of unlawful possession of a firearm, reserving his right to challenge the denial of his suppression motion. This timely appeal follows.

On appeal, defendant argues that Cardwell did not have reasonable suspicion to stop defendant because, without additional evidence about the rarity of the bike, where it had been reported stolen, or any identifying features of the reportedly stolen bike, Cardwell's stop of defendant was based on little more than a hunch and not based on specific and articulable facts. The state remonstrates that Cardwell had reasonable suspicion to stop defendant and points to several pieces of evidence to support its argument. First, Cardwell has "expertise" regarding bicycles, and she pays attention to the hot sheets more than any other officer. Second, the hot sheet contained a white Cannondale bicycle worth over $500, and Cardwell recognized the bicycle as the one on the hot sheet. Third, Cardwell saw another expensive bicycle left outside defendant's apartment unattended, which she testified is abnormal and drew her attention to defendant's apartment in the first place. Finally, as to the location, defendant was a few blocks from the University of Oregon campus where the bicycle was stolen and there is evidence in the record that Eugene has a lot of bike theft. We agree with defendant's argument that the state failed to adduce sufficient evidence to support a conclusion that Cardwell had reasonable suspicion to stop defendant.

Before turning to the parties' arguments, we provide some deck clearing. The parties do not dispute that Cardwell's investigation of defendant constituted a "stop" for purposes of Article I, section 9, of the Oregon Constitution. The parties further do not dispute that the evidence of the firearm was derived from the initial stop. Finally, there is no

dispute that Cardwell subjectively believed that defendant possessed a stolen bicycle. Thus, the narrow issue on appeal is whether Cardwell's subjective belief was objectively reasonable, and, consequently, whether the stop was lawful.

Under Oregon law, an officer must have "reasonable suspicion" that a person committed, or is about to commit, a crime to conduct a criminal investigative stop. *State v. Maciel-Figueroa*, 361 Or 163, 170, 389 P3d 1121 (2017). Reasonable suspicion exists if an officer subjectively believes that an individual has committed, or is about to commit, a crime, and the officer's belief is objectively reasonable under the totality of the circumstances. *Id.* at 182. An officer's subjective belief is objectively reasonable when the officer can point to specific and articulable facts that support a reasonable inference that the defendant has committed or is about to commit the crime that the officer suspects. *State v. Holdorf*, 355 Or 812, 825, 333 P3d 982 (2014).

We conclude that, under the totality of the circumstances, the state failed to adduce sufficient specific and articulable facts to support a determination that Cardwell's subjective suspicion that defendant possessed a stolen bicycle was objectively reasonable. The state points to evidence of Cardwell's knowledge that a white Cannondale worth over $500 was on the hot sheet, that defendant was located near the university campus, and the initial circumstances where Cardwell saw another expensive bike left outside unattended. In our view, those circumstances amount to mere speculation that the white Cannondale in defendant's possession was the stolen white Cannondale on the hot sheet. *See State v. Kreis*, 365 Or 659, 665, 451 P3d 954 (2019) (explaining that reasonable suspicion requires "more than mere speculation").

First, Cardwell's testimony about the white Cannondale on the hot sheet provided limited information. She did not testify as to what information was on the hot sheet besides the brand and color of the bicycle. That is, there is no evidence from the suppression hearing that the bicycle had any other identifying characteristics or that the particular color or brand is rare or unusual to see in Eugene. Second, to the extent the state attempts to bolster

its objectively reasonable argument by relying on the proximity to campus and Cardwell's familiarity with bicycles, those facts do not provide specific and articulable facts about the bicycle that defendant had that could distinguish it from other white Cannondale bicycles. Simply put, the constitution demands more; officers could not stop all people possessing white Cannondale bicycles in the area just because one was reported as missing and listed on the hot sheet.

This case is unlike *State v. Worthington*, 39 Or App 775, 593 P2d 1241, *rev den*, 287 Or 149 (1979), which addressed the statutory definition of "reasonably suspects" now found in ORS 131.605(6) and which both parties cite in their respective briefs.[1] In *Worthington*, we concluded that an officer had reasonable suspicion to stop a person driving a car that was listed on a hot sheet when the hot sheet contained the make and color of the car, the officer thought the year of the car was also on the hot sheet, and the officer testified that he did not believe that there were many cars of that make and vintage on the road. *Id.* at 777. Here, the information adduced at the suppression hearing was less specific. Although there was evidence of the bike's brand and color, there was no evidence of further distinguishing characteristics or evidence of how common white Cannondale bicycles are in Eugene.

In short, there is insufficient evidence of specific and articulable facts to conclude that Cardwell had objectively reasonable suspicion to stop and investigate defendant.

Reversed and remanded.

---

[1] Both parties assume that, although *Worthington* discusses statutory principles, the case applies equally to a challenge under Article I, section 9. We likewise proceed on that assumption.